IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| THOMAS HYDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 6:12-3200-DGK-SSA |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Thomas Hyde ("Hyde") seeks judicial review of the Commissioner of Social Security's denial of his application for supplemental security income ("SSI") based on disability under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et. seq.* The Administrative Law Judge ("ALJ") found that while Hyde suffers from several severe impairments, he retained the residual functional capacity ("RFC") to perform a restricted range of light work, including his past work as a production assembler.

After careful review, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only where necessary.

Plaintiff filed his application for SSI benefits on January 7, 2009, alleging a disability onset date of March 3, 2005. The Commissioner denied his application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and on November 24, 2010

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), she is substituted for Michael J. Astrue as the defendant in this suit.

issued his decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on February 24, 2012, leaving the ALJ's decision as the Commissioner's final decision. Thus, Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than 12 months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[2] Plaintiff contends the ALJ

---

[2] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner

2

Case 6:12-cv-03200-DGK   Document 17   Filed 09/23/13   Page 2 of 9

erred at step four in determining his RFC by (1) failing to give greater weight to his treating physician's opinion; and (2) failing to take into account all of his limitations. These arguments are without merit.

A.  **The ALJ did not err in failing to give greater weight to Dr. Bower's medical source statement.**

The ALJ gave little weight to two forms completed by Dr. Mark Bower, M.D., an undated "Disability Certification" form asserting that Plaintiff was "disabled" and a medical source statement opining Plaintiff had a limited ability to lift, stand, walk, and sit throughout an eight hour day. R. at 387-88, 390-91. The ALJ wrote he gave these forms "little weight" because they were "clearly inconsistent with the other evidence of record, including other records from The Kitchen clinic and the claimant's own description of his daily activities."

Plaintiff argues Dr. Bower qualifies as a treating source under the regulations, therefore the ALJ should have given greater weight to his medical source statement. Plaintiff also argues Dr. Bower's opinion is supported by the medical record as a whole and is consistent with the rest of the record.

As a threshold matter, Dr. Bower lacked a sufficient ongoing relationship with Plaintiff to be considered a treating source. In weighing a doctor or other medical professional's opinion, the regulations require the ALJ to consider six factors. 20 C.F.R § 404.1527(c). The first three

---

determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

factors analyze the doctor's treatment relationship with the claimant, including the length of treatment and the type of relationship, in order to determine whether the doctor is familiar enough with the claimant to justify assigning the opinion greater weight. *Id.* The other three factors consider whether the doctor supported his opinion with specific facts or evidence, whether the doctor's opinion is consistent with other evidence and opinions, and whether there are "other factors" including the doctor's familiarity with the claimant's case. *Id.* No single factor is weighed more heavily than another. *Id.*

In the present case, Dr. Bower saw Plaintiff twice,[3] and thus, he was not sufficiently familiar with Plaintiff to weigh his opinion as a treating source. *Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004) (holding a physician who had met with the claimant on three prior occasions was not sufficiently familiar with the claimant to be recognized as a treating source); *Ishum v Astrue*, No. 10-0475-SSA-CV-W-MJW, 2011 WL 3489877, at *2 (W.D. Mo. Aug. 9, 2011) (holding the claimant's doctor was not a treating physician because she examined the claimant only twice before giving her opinion). Furthermore, an ALJ may discount the opinion of any medical expert, treating or examining, if it is inconsistent with the record as a whole. *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007). Here, the ALJ did not err in finding Dr. Bower's opinion was inconsistent with the record as a whole. As the ALJ noted, Dr. Bower's assertion that Plaintiff could not perform a full range of sedentary work is inconsistent with Plaintiff's daily activities, which included preparing his own meals, performing stretching

---

[3] Plaintiff contends Dr. Bower examined him four times before completing his medical source statement; the Commissioner argues it was only twice. This dispute concerns whether unsigned notes from office visits on February 26, 2009 (R. at 385) and April 23, 2009 (R. at 380) which contain several individuals handwriting are Dr. Bower's notes. The Court cannot tell from the existing record if these are Dr. Bower's notes or not. Because the claimant bears the burden of establishing that he is disabled, the Court finds Plaintiff has not demonstrated that Dr. Bower was a treating physician.

4

exercises, working,[4] leaving his residence five to six times per day, driving, living alone, and playing video games for up to four hours at a time. R. at 15, 20, 40, 134-37, 141, 160-63, 168, 172. In fact, during part of the period Plaintiff claims he was disabled, he was working full-time as a laborer. R. at 141, 172.

Dr. Bower's opinion is also inconsistent with other medical evidence on the record, including his own treatment notes. Dr. Bower's treatment notes do not document any limitations described by his medical source statement. The notes also fail to mention any physical examination findings or prescribe limitations on Plaintiff's activities that one would expect to find if Plaintiff were disabled. R. at 401-02.

Dr. Bower's opinion is also inconsistent with other medical providers' treatment notes. For example, Dr. Dorinda Faulkner, M.D., reported that during her examination Plaintiff denied having difficulty walking, and he did not appear to have limited mobility. R. at 303, 305. Additionally, notes from Plaintiff's February 26, 2009 examination indicate he had good range of motion in his extremities, and a treatment note from an April 23, 2009 appointment states his knee was not red or swollen. R. at 380, 385.

Since substantial evidence supports the ALJ's decision to give Dr. Bower's opinion little weight, the Court will not reverse or remand. *Howe v. Astrue*, 499 F.3d 835, 839 (8th Cir. 2007) (noting that once the ALJ has decided how much weight to give a medical opinion, the court's role is strictly limited to reviewing whether substantial evidence supports this determination).

**B.   The ALJ's RFC determination properly accounted for all of Plaintiff's credible limitations.**

Additionally, Plaintiff contends that the ALJ's RFC determination is arbitrary and failed to account for Plaintiff's limitations in standing, walking, reaching, handling, and fingering.

---

[4] From March 3, 2005 until January 7, 2009, Plaintiff worked full-time intermittently. After January 7, 2009, he worked some, but his employment did not rise to the level of substantial gainful activity. R. at 15, 134-37, 141, 172.

Plaintiff contends the ALJ's opinion does not sufficiently discuss the medical evidence he relied upon in formulating the RFC or explain how the evidence supports the limitations in his RFC. Plaintiff also repeats his argument that the ALJ erred in discounting Dr. Bower's medical source statement. He also adds that the ALJ erred in not giving greater weight to the opinion of a nurse practitioner, Diana Dewell, that he was limited to sedentary work. R. at 220, 271. Plaintiff does not, however, attack the ALJ's credibility determination.

A claimant's RFC is the most the individual can do despite the combined effects of all of his credible limitations. 20 C.F.R. § 416.945. It is not based only on evidence from medical reports or sources; it is based on all the relevant credible evidence of record. *Id.*; *Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). In determining a claimant's RFC, the ALJ may consider the claimant's medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, recorded observations, medical source statements, effects of symptoms, attempts to work, need for a structured living environment, and work evaluations. SSR 96-8p. In formulating the RFC, "the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect" the claimant's ability to perform exertional tasks. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). Before the ALJ can determine an applicant's RFC, however, he must assess the credibility of the claimant's subjective complaints. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). Finally, the claimant, not the ALJ, bears the burden of establishing his RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).

The ALJ found Plaintiff retained the RFC to perform a reduced range of light work. R. at 16–17. Specifically, the ALJ found Plaintiff could not: (1) reach above his shoulders with his left upper extremity; (2) extend his neck more than 40 degrees; (3) make quick or abrupt movements of his neck laterally; (4) push or pull levers with his right lower extremity; (5) climb

ropes or ladders; (6) use air or vibrating tools; or (7) competitively crawl or kneel. R. at 16–17. He also found Plaintiff could only occasionally bend, twist, turn, stoop, squat, and climb stairs; and he could not work at unprotected heights; in heavy concentration of dust, smoke, or fumes; or in temperature extremes or humidity. R. at 17. The ALJ also prescribed various mental-functioning restrictions. R. at 17.

The record supports this finding. First, the ALJ properly evaluated Plaintiff's credibility and discounted his reports concerning his limitations. R. at 18-20, 30-44. Consistent with 20 C.F.R. § 416.929 and *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1983), the ALJ gave good reasons for not fully crediting Plaintiff's testimony. These reasons included: the inconsistencies between Plaintiff's complaints and his activities of daily living, R. at 19-20; the fact that Plaintiff worked full time after he claimed to have become disabled, R. at 15, 20, 40, 134-37, 141, 160-63, 168, 172; the lack of medical evidence supporting Plaintiff's allegations, R. at 18; Plaintiff's poor work history which called into question whether his current unemployment was truly the result of medical problems, R. at 20, 141; and, although the ALJ did not cite this as a factor in determining his credibility, the ALJ noted Plaintiff exhibited drug-seeking behavior. R. at 18, 257, 277, 379. These are all valid reasons to discredit his testimony. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008) (holding inconsistencies between a claimant's daily activities and his alleged limitations detracts from his credibility); *Tindell v. Barnhart*, 444 F.3d 1002, 1006 (8th Cir. 2006) (observing that working even part-time detracts from the claimant's credibility); *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (holding the ALJ may find a claimant's subjective complaints not credible in light of objective medical evidence to the contrary); *Frederickson v. Barnhart*, 359 F.3d 972, 976 (8th Cir. 2005) (discounting claimant's credibility because of his "sporadic work record reflecting relatively low earnings and multiple

years with no reported earnings"); *Anderson v. Shalala*, 51 F.3d 777, 780 (8th Cir. 1995) (noting drug-seeking behavior further discredited the claimant's allegations of disabling pain).

The ALJ also carefully considered Plaintiff's medical records, and these records support his RFC determination. For example, with respect to Plaintiff's neck mobility, the ALJ noted an x-ray of his neck showed only slight loss of disc height and small bone spurs at C4-5 and C6-7; that Dr. Benjamin Lampert, M.D., observed neck tenderness during his examination; and that Plaintiff reported he drove which required some neck movement. R. at 18-20, 31, 37, 41, 307, 412. This evidence justified the ALJ's conservative finding that Plaintiff could extend his neck, but not more than 40 degrees.

The ALJ also discussed and considered the evidence related to Plaintiff's ability to stand, walk, reach, handle, and finger. R. at 17-20. Although the ALJ could have provided a better "bridge" between this evidence and the RFC finding in his decision, given the amount of evidence supporting the ALJ's decision, this is a deficiency in opinion writing technique which did not affect the result and so does not warrant remand. *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008).

Finally, the ALJ did not improperly discount Ms. Dewell's opinion that Plaintiff was limited to sedentary work. It is the ALJ's responsibility to weigh the medical opinions of record and resolve any conflicts. 20 C.F.R. § 416.927; *Wagner v. Astrue*, 499 F.3d 842, 848-50 (8th Cir. 2007). The ALJ appropriately did so here. The ALJ gave little weight to Ms. Dewell's opinion because she did not provide "any specific assessment of [Plaintiff's] functional capacity." R at 20. Ms. Dewell did not identify the degree to which Plaintiff was purportedly limited in balancing, bending, climbing, crouching, handling, kneeling, pulling, pushing, reaching, sitting, or stooping, and when asked to describe any limitations, she merely wrote that Plaintiff was limited to sitting for 30 minutes. R. at 273. She also failed to explain how her

examination findings supported her opinion.  R. at 271–76.  For example, Ms. Dewell indicated that Plaintiff experienced pain only with immobility, R. at 272, 275, but she later indicated that Plaintiff's knee pain significantly interfered with his walking.  R. at 273.  These are appropriate reasons to discount her opinion.  *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (discounting treating physician's opinion contained in two pages of checked boxes because it did not provide an explanation, examples, descriptions or conclusions).  Moreover, Ms. Dewell's opinion, like Dr. Bower's, was inconsistent with Plaintiff's daily activities and his full-time employment.

Consequently, the Court holds the ALJ's RFC determination properly accounted for all of Plaintiff's credible limitations.

## Conclusion

The Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole.  Accordingly, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:     September 23, 2013              /s/ Greg Kays
                                          GREG KAYS, JUDGE
                                          UNITED STATES DISTRICT COURT